## CONROY v. PENN ELECTRICAL & MFG. CO.

### (Circuit Court, W. D. Pennsylvania. February 5, 1907.)

### No. 37.

PATENTS—INFRINGEMENT—MACHINE FOR SHAPING EDGES OF GLASS.

The Conroy patent, No. 731,667, for a machine for ornamenting glass, by chipping the edges of plate glass, which is a modification of the machine of patent No. 735,949, to the same inventor, designed to be used in chipping circular or oval plates, makes a table, carrying the plate and having a step by step machine movement to present successive portions of the plate to the action of the single cutting pin and essential element of each claim, and is not infringed by a machine having no such movable table, nor its mechanical equivalent.

In Equity. On final hearing.

Christy & Christy, for complainant.
J. M. Nesbit, for respondent.

BUFFINGTON, Circuit Judge. This bill charges infringement of both claims of patent No. 731,667, applied for April 2, 1903, and granted June 23, 1903, to John M. Conroy for a machine for ornamenting glass. Scalloping the edges of plate glass by a machine in which a projecting series of pins struck successive blows on the edge of an inclined plate supported on a rest was shown in the patent to Conroy, No. 735,949, applied for December 31, 1902. That machine had a series of pins projecting on the carriers. The patent now before us involves the same general principle, save that it uses a single pin upon a reciprocating head. This enables it to chip circular or oval plates. This is shown by the patentee, who says:

"Will you describe the operation of chipping circular or oval plates on the machine shown in Figs. 1 and 2 in patent 735,949? A. All that is necessary, in order to chip either an oval or a circular plate, with the machine marked Fig. 1, is to drive some of the pins in, preferably near the edge of the drum, leaving but one out, projecting out far enough to do the chipping. Either the first or the second one is generally the one that we leave stand, and drive the others in so that they will not interfere with the work. Then you have the same kind of machine, the action of which is then practically the same, as in the chipping machine described in Figs. 5 and 6; the difference being that, instead of being held between disks, the plate is held in the hand and rotated as the chipping progresses. This can be done very successfully and neatly, but not with the same degree of certainty as if the plates are put between the disks and in the special machine made for that purpose. * * * Q. Can you not state about how long it is since you thought of chipping with a single pin, holding the glass by hand, and when chipping with a number of pins? A. I thought of that way back near the start, I saw the possibility of chipping ovals and circles, as well as straight lines, on the drum; and it was that thought that was carried out in making this circular chipper, instead of driving the pins in on the drum. Instead of using it that way, I thought it would be more convenient the other way. It was from the drum that I got the idea of building the circular machine. The circular machine is only a special application of this idea which is contained in the first patent."

It will thus be seen that this device differs from the structures of the prior patent in that its table is movable, whereby the plate edge is brought in alignment with the successive strokes of the pin. The movable feature of this table is noted in the specifications:

"This table is shifted step by step to bring successive portions of the article into the plane of movement of the pin, 2."

"By this construction the table carrying the article will be moved forward a predetermined distance on each revolution of the drum and pin; such distance being proportionately to the desired width of the scallop."

"The invention described herein relates to * * * and has for its object a construction and combination of mechanical devices whereby portions of the edges may be taken away in such manner as to produce an inclined scallop or indentation on the edge; a series of such scallops being produced by a regulated feed of the glass transversely of the line of the movement of the pin operating to produce the scallop."

The element of a table with movable capacity is found in both the claims, viz., "a table * * * and means for shifting the table step by step across the path of movement of pin." Now, in view of Conroy's earlier device and the restricted field open for the grant of this patent, the movable table will be regarded as one of its essential features. It is evident, if the patent depends for novelty simply on the use of a single pin on a carrier, instead of the multiple pins of the other device, a grave question of patentability would arise. The other feature of a shifting feed table is required to confer patentability on the combination. That feature being carried into the claims, we cannot reconstruct them by striking it out, which we here in effect do, if we hold that defendant's machine No. 2 infringes. It has no movable table. The function of the machine-moved, step by step table of the claim is wholly performed by hand. Nor is a movable table found in respondent's No. 3 structure. It is said, however, that in it there is a mere transposition of parts; the table being fixed and the pin made movable, instead of the table being movable and the pin fixed, as in the device of the patent. But it is evident there is here not a mere transposition of parts, but two wholly different structures mechanically. The frame of the machine is a large horseshoe shaped casting firmly bolted to a rigid support. A circular plate of glass (in No. 4, an oval) is clamped between two stationary horizontal plates in the open end of the shoe. The glass projects slightly beyond the plates. An arm is pivoted above the plates and concentrically with them. This arm has pivoted on its lower side another arm, sector-shaped, which carries on it a chipping pin. The sector-arm is held to its lowest range of movement by a spring. The revolution of the arm not only puts the chipping pin in alignment with the successive places to be chipped on the circular plate, but by means of a trigger contact between a detent carried on the arm and a ratchet on the upper surface of the stationary clamping plate the sector-arm is intermittently drawn up and released. The successive, evenly spaced blows of the pin, thereby actuated, chip the plate. Manifestly this is a wholly different mechanical structure from that of the patent. Not only is the table stationary, but its fixed position co-operates through its ratcheted plate to cause the pin to reciprocate. A new element is

found in the pin-carrying sector, and its reciprocating movement results from the movement of an arm in a horizontal orbit concentric with the stationary, circular, clamping plate.

It is clear that the respondent has in this device devised another method of chipping glass, and that it employs different mechanical means from complainant's and uses other and additional elements.

We accordingly hold that infringement is not shown.